**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AMY HANASOGE RAO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25-cv-06983 |
| | ) | |
| ABBOTT MOLECULAR, INC., | ) | Judge John J. Tharp, Jr. |
| STACY FERGUSON, and KATHLEEN | ) | |
| WESSBERG, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The defendants' partial motion to dismiss [27] is granted, as explained in the following statement. Abbott and Rao may proceed to discovery only on the plaintiff's age discrimination claim.

## STATEMENT

The plaintiff, Amy Hanasoge Rao, was formerly employed by the defendant, Abbott Molecular, Inc. ("Abbott"). Defendants Stacy Ferguson and Kathleen Wessberg were Rao's supervisors at Abbott. Resp. 2, ECF No. 50. On June 27, 2023, Abbott fired Rao. Compl. 4. Rao subsequently filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), claiming that Ferguson and Wessberg discriminated and retaliated against her due to her age. *Id.* The EEOC issued Rao a right to sue letter on May 2, 2024, *id.* at 6, and Rao filed suit in the Southern District of Texas shortly thereafter. That court transferred the case to the Northern District of Illinois on the basis of a forum selection clause in Rao's employment agreement with Abbott. Mem. Order 1, 3, ECF No. 22.

Rao alleges that Abbott fired her, failed to promote her, and restricted her growth at the company because of her age, national origin, and hand injury. Compl. 2, ECF No. 1. She says that she was denied leave, verbally harassed, given unrealistic deadlines, and disfavored compared to younger employees. *Id.* at 4. Rao also alleges that the defendants ignored her hand injury and made comments about her age and national origin. *Id.* at 2. She further states that Abbott retaliated against her "for not moving immediately upon joining" the company. *Id.* at 4.

Rao's claims of discrimination are cognizable under three federal statutes: her national origin claim under Title VII of the Civil Rights Act of 1964, her age and retaliation claims under the Age Discrimination in Employment Act ("ADEA"), and her hand injury claim under the Americans with Disabilities Act ("ADA"). The defendants argue that the claims against Ferguson and Wessberg should be dismissed because none of those statutes permits individual liability for supervisors. Mot. Dismiss Mem. 4–5, ECF No. 28. They also contend that Rao did not exhaust administrative remedies for her national origin and disability claims, requiring dismissal. *Id.* at 5–

6. Finally, the defendants move to dismiss the retaliation claim on the grounds that Rao did not allege she engaged in any protected activity under the ADEA, nor did she exhaust her retaliation claim. *Id.* at 6–7.

To overcome a motion to dismiss, the complaint must contain sufficient facts to establish a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court assumes all facts in the complaint are true and draws all reasonable inferences in the plaintiff's favor. *Kilborn v. Amiridis*, 131 F.4th 550, 554 (7th Cir. 2025). The Court does not, however, accept legal conclusions as true. *Iqbal*, 556 U.S. at 678.

## I.      Claims against Individual Defendants

Title VII, the ADA, and the ADEA impose liability on "employer[s]," not supervisors. The Seventh Circuit has therefore held that supervisors cannot be held liable in their individual capacities for violating either Title VII or the ADEA. *Williams v. Banning*, 72 F.3d 552, 552 (7th Cir. 1995) (holding that "Title VII does not impose 'employer' liability on a supervisor in his individual capacity for acts which violate the statute"); *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279 (7th Cir. 1995) ("[I]ndividuals who do not independently meet the ADA's definition of "employer" cannot be held liable under the ADA.").

The Seventh Circuit has also indicated, in an unpublished opinion, that individuals cannot be held liable under the ADEA. *Csoka v. United States*, 1996 WL 467654, at *5 (7th Cir. 1996) ("The ADEA, like Title VII, does not authorize individual liability claims against these employees."). Further, the same rationale that the court applied to Title VII and the ADA applies to the ADEA. *Williams*, 72 F.3d at 553–54 ("Title VII, the ADA, and the Age Discrimination in Employment Act ('ADEA') use virtually the same definition of 'employer,' and . . . '[c]ourts routinely apply arguments regarding individual liability to all three statutes interchangeably.'" (quoting *AIC Sec.*, 55 F.3d at 1279–80)).

As supervisors, and not themselves employers, Ferguson and Wessberg cannot be sued under Title VII, the ADA, or the ADEA. The claims against Ferguson and Wessberg are therefore dismissed with prejudice.

## II.      Exhaustion of Administrative Remedies

Title VII, the ADA, and the ADEA each require a plaintiff to exhaust administrative remedies by bringing an EEOC charge before filing suit. 42 U.S.C. § 2000e-5(f); *id.* § 12117(a); 29 U.S.C. § 626(d). A plaintiff "may bring only those claims that were included in her EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005) (citation modified). Failure to exhaust administrative remedies is, to be sure, an affirmative defense that usually would not be determined on a motion to dismiss. *Mosely v. Bd. of Educ.*, 434 F.3d 527, 532–33 (7th Cir. 2006). Dismissal at this stage is warranted, however, if the face of the plaintiff's complaint "compels a conclusion that she failed to exhaust." *Id.* at 533; *see also Leskovec v. Cir. Works Corp.*, No. 08-cv-4846, 2008 WL 5236006, at *2 (N.D. Ill. Dec. 15, 2008) ("Although failure to exhaust administrative remedies is an affirmative defense, when a plaintiff pleads facts showing that his claim is barred by that defense, it is appropriate to address it in the context of a motion to dismiss.").

While Rao did file an administrative charge with the EEOC, she did not mention anything about discrimination based on her national origin or her hand injury. Nor did she mark the boxes on the EEOC charge form for national origin or disability, instead choosing only age and retaliation. Compl. 4. The defendants argue that she therefore did not exhaust administrative remedies for her national origin and disability discrimination claims. Mot. Dismiss Mem. 5–6. Because those claims do not grow out of her charge of age discrimination and retaliation, her EEOC charge did not put Abbott on notice of them. *See Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003); *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 504 (7th Cir. 1994).

Rao responds that failure to exhaust does not strip this court of jurisdiction, and that in any case, she is allowed to amend her claim. Resp. 2–3. Both of these arguments miss the mark. Exhaustion is a statutory requirement. The Supreme Court case Rao cites merely indicates that if a defendant forfeits an exhaustion defense, federal courts still have jurisdiction to hear the claim. *Fort Bend Cnty. v. Davis*, 587 U.S. 541, 543–44 (2019). Here, though, the defendants have not forfeited their exhaustion defense. Rao protests that the defendants sought an extension of time to respond to the complaint without raising the exhaustion issue. Resp. 3. But the defendants could not have forfeited an issue before even filing their first responsive pleading, which was their motion to dismiss. *Cf. Swanson v. City of Hammond*, 411 F. App'x 913, 915–16 (7th Cir. 2011) ("Preliminary litigation actions, such as the defendants' request for an extension of time to file their responsive pleading, do not waive or forfeit personal-jurisdiction defenses."). Further, Rao's ability to amend her EEOC charge and federal complaint is irrelevant, because the fact remains that she did not bring her claims about national origin and disability to the EEOC *before* filing suit in federal court.

While it is not the plaintiff's burden to include allegations about an affirmative defense, here Rao included her EEOC charge in her complaint. The face of the complaint, then, makes clear that Rao did not administratively exhaust her claims of discrimination on the basis of national origin or disability. These claims are also dismissed with prejudice.

### III.     Protected Activity Under the ADEA

To state a claim for retaliation under the ADEA, a plaintiff must plausibly allege that she engaged in statutorily protected activity. *Smith v. Lafayette Bank & Tr. Co.*, 674 F.3d 655, 657–58 (7th Cir. 2012). Protected activity is an objection to the alleged discrimination of which the employer has actual knowledge. *Id.* at 658; *Arnold v. United Airlines, Inc.*, 142 F.4th 460, 475 (7th Cir. 2025).

As an initial matter, Abbott asserts that Rao's complaint does not allege she ever objected to age discrimination. In her response, though, Rao maintains that she "openly complained of discrimination" and "raised concerns multiple times about harassment and discrimination." Resp. 10, 12. The defendants maintain Rao cannot include this information for the first time in her response brief, in part because this Court told Rao it would not "consider additional information in the response that is inconsistent with the complaint, expands the plaintiff's case, or concerns new claims or new topics." Min. Entry, ECF No. 46 (quoting *Anzaldua v. Chicago Transit Authority*, No. 02-cv-02902, 2002 WL 31557622, at *2 (N.D. Ill. Nov. 15, 2002)). That order is consistent, however, with the Seventh Circuit's holding that a plaintiff may supplement his complaint with consistent factual allegations in a pleading, affidavit, or with other materials. *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015); *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). Rao's allegations about objecting to discrimination are consistent with and

3

supplement the retaliation claim in her complaint. They do not concern a new claim or new topic. As such, Seventh Circuit precedent directs this Court to consider the consistent allegations in her response brief.

While Rao adequately pleads that she objected to age discrimination, she failed to exhaust these allegations by omitting them from her EEOC charge. Rao's EEOC charge asserts that she was retaliated against for refusing to relocate from Texas to Illinois, but objecting to relocation is not a protected activity under the ADEA or any other statute. Compl. 4. The Seventh Circuit has held that incidents of retaliation not included in an EEOC charge are not exhausted if, as here, they occurred before the charge was filed. *McKenzie v. Illinois Dep't of Transp.*, 92 F.3d 473, 483 (7th Cir. 1996) ("Because each of those incidents of retaliation could have been—and should have been—included in her administrative charges, they cannot now serve as the basis of the retaliation claim alleged in her complaint."). Though Rao indicated she had a retaliation claim in her EEOC charge, she only stated that Abbott retaliated against her for failing to move and said nothing about complaining of discrimination. And the incidents must have occurred before she filed her charge, because Rao stopped working at Abbott before filing. She therefore failed to exhaust her retaliation claim.

### IV.     Additional Claims

As a final matter, Rao asserts a number of entirely new claims for the first time in her response. She avers that the defendants defamed her, that they violated the Fair Labor Standards Act, and that they committed regulatory and compliance violations. Resp. 9, 14. Those arguments do not merely clarify the allegations and claims alleged in the complaint; they are entirely new claims and new topics that expand Rao's case well beyond the contours of the complaint. This Court already advised Rao that it would not consider such putative claims, which have not been alleged in the complaint.

*              *              *

Because Title VII, the ADA, and the ADEA do not support claims against individual supervisors, the motion to dismiss as to Ferguson and Wessberg is granted. And because the complaint makes clear that Rao failed to exhaust her administrative remedies on her national origin, disability, and retaliation claims, the motion to dismiss is also granted as to those. The Court does not grant Rao leave to amend, because no additional allegations could remedy the defects afflicting these claims. The case will go forward only on the ADEA claim.

Date: March 11, 2026

John J. Tharp, Jr.
United States District Judge

4