**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMY HANASOGE RAO,<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT MOLECULAR, INC., STACY FERGUSON, and KATHLEEN WESSBERG,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 25-cv-06983<br><br>Judge John J. Tharp, Jr. |

**ORDER**

The unruled-upon portions of plaintiff's motion to join parties and amend the complaint [93] and motion to partially seal [99] are denied for the reasons set forth in the accompanying Statement.

**STATEMENT**

The plaintiff, Amy Hanasoge Rao, was formerly employed by the defendant, Abbott Molecular, Inc. On June 27, 2023, Abbott fired Rao. Compl. 4. Rao filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), claiming discrimination based on her age. *Id.* The EEOC issued a right to sue letter, and Rao filed suit shortly thereafter. Rao alleges that Abbott fired her, failed to promote her, and restricted her growth at the company because of her age, in violation of the Age Discrimination in Employment Act ("ADEA"). (All of Rao's claims under other statutes were dismissed without leave to re-plead on March 11, 2026. *See* Order, ECF No. 65.)

This case has been proceeding through discovery under the supervision of the magistrate judge. In the meantime, Rao filed two motions that the Court addressed in part and can now fully resolve.

First, Rao moved for leave to amend her complaint to re-join her individual supervisors as defendants, to add allegations to strengthen her claims of disability and national-origin discrimination, and to add a claim of defamation. Mot. To Amend, ECF No. 93. This Court denied the motion except as to the request to add a claim of defamation, which it took under advisement. Order, ECF No. 94.

Amendment of pleadings should be liberally allowed, unless there is "good reason" to deny it, such as futility, undue delay, undue prejudice, or bad faith. Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519-520 (7th Cir. 2015). To determine whether amendment would be futile, the Court applies the "legal sufficiency standard of Rule 12(b)(6) to determine whether the proposed amended complaint fails to state a claim." *Kap Holdings, LLC v. Mar-Cone Appliance*

*Parts Co*., 55 F.4th 517, 529 (7th Cir. 2022). That requires the plaintiff to set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Rao did not attach a proposed amended complaint to her motion, but she has made clear the factual allegations underlying her claim of defamation in that motion and by incorporating prior filings. Mot. to Amend, ECF No. 93 at 3 ("Plaintiff submitted detailed documentation to the court on 8/8/25 followed by the submission of condensed version of the same on or around 9/30/25 that contained all claims and allegations.") She alleges that on the day her employment was terminated, her supervisor Kathleen (Kathy) Wessberg, then the Vice President of Regulatory Affairs and Medical Writing, emailed Abbott employees announcing Rao's termination and directing them to limit contact with her. According to Rao, this "was a deliberate attempt to defame Plaintiff and deliberately attempt to spoil Plaintiff's reputation." Mot. to Amend, ECF No. 93 at 2. Plaintiff stated the same thing in her EEOC charge: "Wessberg sent an email instructing employees to limit communication/conversations with the Plaintiff, which Plaintiff views as defamatory." Charge, Compl. Ex. 1, ECF No. 1. Numerous other filings confirm that Wessberg's email is the sole basis of the defamation claim. *See* Br., ECF No. 50 at 2 ("Kathy sent an email to Abbott employees informing them of Plaintiff's termination and asked employees to limit the conversation with Plaintiff, which was a deliberate attempt to defame Plaintiff and deliberately attempted to spoil Plaintiff's reputation. Kathy is liable for defamation Charges."), 7, 9, 10, 12 ("After termination, Kathy emailed employees instructing them to avoid contact with plaintiff, harming reputation" and "[p]ublicly diminish[ing] plaintiff's standing within Abbott."); Br. ECF No. 45 at 20 ("Kathy sent an email to Abbott employees informing them of plaintiff's termination and asked employees to limit the conversation with plaintiff, which was a deliberate attempt to defame plaintiff and deliberately attempt to spoil plaintiff's reputation."), 20, 183.

Rao cannot state a plausible claim of defamation based on the facts alleged—which the Court accepts as true— and therefore, amendment would be futile. Under Illinois law, defamation occurs when: "(1) the defendant made a false statement about the plaintiff, (2) the defendant made an unprivileged publication of that statement to a third party, and (3) the publication caused damages." *Prakash v. Parulekar*, 177 N.E.3d 1, 18 (Ill. App. Ct. 2020). A statement is defamatory "if it tends to harm a person's reputation to the extent that it lowers that person in the eyes of the community or deters others from associating with that person." *Tuite v. Corbitt*, 866 N.E.2d 114, 121 (Ill. 2006). A statement is defamatory *per se* if its defamatory character is obvious and apparent on its face and injury to the plaintiff's reputation may be presumed. *Id*. Among the categories of statements that are defamatory per se are those that "impute an inability to perform or want of integrity in performing employment duties" or "impute a lack of ability or that otherwise prejudice a person in his or her profession or business." *Id*.

Here, Rao's potential defamation claim stumbles right out of the gate because she does not, and cannot, plausible allege that Wessberg made any "false" statement in the email. The statement that Rao's employment was terminated was factual, even if Rao believes it injured her reputation. The instruction to minimize contact with Rao does not contain any factual content that could be defamatory. "Illinois law requires that the allegedly defamatory statement must contain an objectively verifiable factual assertion." *Lifton v. Bd. of Educ. of City of Chicago*, 416 F.3d 571, 579 (7th Cir. 2005) (citing *Wynne v. Loyola Univ*., 741 N.E.2d 669, 676 (Ill. App. Ct. 2000). There are various reasons why Wessberg might have advised employees to keep a distance from Rao

immediately following her termination, but Rao doesn't suggest that Wessberg gave any reason—let alone one that is verifiably false. *See Trahanas v. Nw. Univ.*, 64 F.4th 842, 859 (7th Cir. 2023) (statement that professor was withdrawing recommendation could have many reasons and was not actionable). The statement is therefore too "ambiguous and indefinite to constitute a statement of fact." *Id*. Indeed, saying that someone is "lazy," a "crook," "incompetent" or "cheating" an employer is not defamatory, even if it might affect the plaintiff's reputation. *See Lifton*, 426 F.3d at 579 (citing cases). As the subject of an accurate statement that she was fired, coupled with an instruction to limit contact with her, Rao does not have a plausible claim of defamation. Simply labeling Wessberg's email as "defamatory" does not suffice to state a plausible claim. *Wertymer v. Walmart, Inc*., 142 F.4th 491, 494–95 (7th Cir. 2025) (explaining that "more than mere 'labels and conclusions,' or a 'formulaic recitation of the elements of a cause of action' is required") (citing *Twombly*, 550 U.S. at 555).

Finally, the court notes that the defamation claim appears untimely. Wessberg sent the allegedly defamatory email on the date Rao was fired, June 23, 2023, and Rao filed her original complaint (which appends the EEOC charge mentioning defamation) on July 30, 2024. Illinois has a one-year statute of limitations for defamation. 735 ILCS 5/13-201; *see O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) ("[I]f a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground.") Rao asserts that "[q]uestions regarding accrual, publication, equitable tolling, relation back under Rule 15(c), and their factual matters require a developed record," Reply, ECF No. 104, but she does not suggest that any defense to the statute of limitations specifically applies here, particularly when her knowledge of the claim dates back at least to the EEOC charge she filed on January 15, 2024, well within the statute of limitations.

Accordingly, the Court denies the balance of Rao's motion for leave to amend her complaint.

Also pending is the remainder of Rao's "Motion to redact plaintiff's name from public filings, to proceed under initials, and for limited sealing" (ECF No. 99). The Court already denied the motion to the extent Rao sought to proceed under a pseudonym (her initials) or anonymously (by redacting her name from public filings). Order, ECF No. 101. The Court ruled that Rao's apprehension about prospective employers learning of her lawsuit while she was actively job-seeking did not amount to the "exceptional circumstances" required to proceed under a pseudonym. *Id.*

The Court left open the remainder of the motion. Rao had given no basis for sealing any document and said only that she wished for "documents containing medical, disability, employment, financial, or similarly sensitive information" to be sealed. Mot., ECF No. 99 at 3. The Court therefore ordered: "As to Rao's request to seal certain documents, the plaintiff is directed to supplement her motion with the specific docket entries that she seeks to seal, as well as public redacted versions for every document over which a seal is requested unless the plaintiff seeks a seal over the full document and explains why such seal is necessary on an 'item by item' basis." *Id.*

Rao has not followed up her request with any supplement, and so the balance of her motion is denied. Rao may of course move at any time to seal or redact specific documents that contain, for example, personal identifying information (such as her social security number) or medical records. It is possible to demonstrate "good cause" for sealing certain documents when the property

or privacy interests of litigants predominate over the public interest in open proceedings. *Cnty. Materials Corp. v. Allan Block Corp*., 502 F.3d 730, 740 (7th Cir. 2007) (quoting *Citizens First Nat'l Bank v. Cincinnati Ins. Co*., 178 F.3d 943, 945 (7th Cir.1999)). But she must make that showing each time she seeks to shield any part of anything she files (or has already filed) on the public docket from public view. Rao is directed to consult Local Rules 5.8 and 26.2 with regard to filing documents under seal.

Date: October 23, 2026

John J. Tharp, Jr.
United States District Judge